IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITIGROUP GLOBAL MARKETS INC., d/b/a SMITH BARNEY, | ) ) ) | FILED: APRIL 16, 2008 08CV2175          TC |
| Plaintiff, | ) ) | JUDGE KENNELLY MAGISTRATE JUDGE COLE |
| v. | ) Case No. ) | |
| PAUL J. OBLON, | ) ) | |
| Defendant. | ) ) | |

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Citigroup Global Markets Inc., d/b/a Smith Barney ("Smith Barney"), respectfully requests that this Court grant a Temporary Restraining Order and Preliminary Injunction against Defendant Paul Oblon ("Oblon") in the form of Exhibit A hereto. In support of this Motion, Smith Barney submits the accompanying Verified Complaint and exhibits thereto, Memorandum in Support, and Affidavits, and states as follows:

1.     Oblon was employed by Smith Barney at its Naperville, Illinois branch office from September, 1999 until March 14, 2008, when he resigned from Smith Barney and accepted a comparable position of employment with Smith Barney's direct competitor, Wachovia Securities ("Wachovia"), at an office located across the street from the Smith Barney office.

2.     While still employed by Smith Barney, Oblon solicited Smith Barney's customers and at least one employee to leave Smith Barney and to go to Wachovia with Oblon.

3.     While still employed by Smith Barney, Oblon stole Smith Barney's files related to customers he had been assigned to work with by Smith Barney. These files contained

148864v1

customer names, contact information, account history, asset allocations, and other sensitive and confidential information regarding their investments. This information constitutes Smith Barney's trade secrets. Oblon emptied out the files for the largest clients that he had been working with, leaving behind only empty folders.

4. These actions were contrary to covenants Oblon entered into as a condition to his employment and a forgivable loan for almost $350,000 that Oblon received.

5. In addition to customers whom Oblon was responsible for, Oblon also shared responsibility for other customers with Edward Konrad ("Konrad"), a senior broker, pursuant to a written agreement. Konrad was responsible for bringing the clients subject to this agreement to Smith Barney and had a long-term relationship with these clients. Many of these clients have been Konrad clients for over ten years. Smith Barney recently learned that Oblon has used Smith Barney's confidential client information to send a mass mailing to Konrad's clients. Just today, Smith Barney discovered that Oblon has also been soliciting Konrad's clients by phone. In doing so, he violated both the agreement he entered into when Smith Barney hired him and the separate agreement he had entered into with Konrad and Smith Barney regarding the joint clients.

5. In response to Oblon's actions, Smith Barney customers have transferred, to date, approximately $45 million dollars in assets from Smith Barney to Wachovia.

6. In violation of his agreements with and his fiduciary duties to Smith Barney, and state and federal law, Oblon has converted Smith Barney's trade secrets for his own benefit and used that information with his new employer, a direct competitor of Smith Barney.

7. As a result of Oblon's wrongful conversion and misappropriation of Smith Barney's trade secrets and violation of his agreements, Smith Barney will be irreparably harmed

148864v1

by the disclosure of its trade secrets and customer information, loss of goodwill and business reputation, and loss of revenue, in an amount which is impossible to ascertain at this time.

8. As a further result of Oblon's wrongful conversion and misappropriation of Smith Barney's trade secrets and violation of his employment agreements, Konrad will be irreparably harmed by the loss of goodwill, business reputation and revenue associated with clients that he developed during his employment at Smith Barney.

9. With this action, Smith Barney commenced an arbitration proceeding against Oblon before the Financial Industry Regulation Authority ("FINRA"), seeking a permanent injunction and other relief. Under Rule 13804 of the FINRA Code of Procedure, Smith Barney has the express right to seek interim injunctive relief from this Court, and this is the only avenue available to prevent further wrongdoing by Oblon pending arbitration of Smith Barney's claims.

10. Smith Barney has no adequate remedy at law and the immediate granting of injunctive relief is the only mechanism to preserve the *status quo* pending resolution of this dispute by FINRA. Unless injunctive relief is granted, Oblon will be free to use Smith Barney's confidential information and solicit Konrad's clients until a FINRA arbitration hearing can be held.

**WHEREFORE**, Smith Barney prays that this Court grant the following relief and enter an order in the form of Exhibit A hereto, directing that:

1. Oblon and anyone working in conjunction with Oblon be temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

   (a) destroying any of the records and/or information that Oblon removed from Smith Barney;

   (b) using, disclosing, or transmitting for any purpose – including the initiation

of any contact with or the solicitation of Smith Barney clients – the information contained in the records of Smith Barney, including, but not limited to, the names, addresses, and financial information of said clients;

  (c)  using Smith Barney's client information to contact or solicit customers assigned to other Smith Barney brokers, including Konrad; and

  (d)  initiating any further contact or communication with, including soliciting any business from, customers whom Oblon had contact with or whose name became known to him while in the employ of Smith Barney (except those customers he identified in writing at the time of in his resignation);

  2.  That Oblon be further ordered to deliver any and all original Smith Barney records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Smith Barney's counsel, within twenty-four hours (24) of notice to Oblon or his counsel of the terms of this order;

  3.  That this temporary restraining order be binding upon Oblon, his agents, servants, employer and those in active concert or participation with him who receive actual notice of this order;

  4.  That this order remain in full force and effect for a period no less than ten business days pursuant to Fed. R. Civ. P. 65;

  5.  That Smith Barney be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court; and

  6.  That the parties be directed to proceed with arbitration in accordance with Rule 10335 of the FINRA Code of Arbitration Procedure.

148864v1

Dated:  April 16, 2008                                              Respectfully submitted

                                                        CITIGROUP GLOBAL MARKETS INC.,
                                                        d/b/a SMITH BARNEY


By:    /s/ Gary M. Miller
        One of Its Attorneys

Gary M. Miller
Daniel M. Hinkle
GRIPPO & ELDEN LLC
111 South Wacker Avenue
Chicago, IL  60606
(312) 704-7700

5

148864v1

08CV2175      TC
JUDGE KENNELLY
MAGISTRATE JUDGE COLE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CITIGROUP GLOBAL MARKETS INC., d/b/a SMITH BARNEY,<br><br>Plaintiff,<br><br>v.<br><br>PAUL OBLON,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

Upon consideration of the Plaintiff's Verified Complaint and attachments thereto, Motion for Temporary Restraining Order and Preliminary Injunction, Memorandum of Law in Support and Affidavits, and having considered the arguments of counsel, the Court FINDS as follows:

1. While in the employ of Plaintiff Citigroup Global Markets Inc., d/b/a Smith Barney ("Smith Barney"), Defendant Paul Oblon ("Oblon") executed agreements that contain restrictions on his ability to use Smith Barney's records and to solicit Smith Barney's clients after leaving Smith Barney's employment, including the Promissory Note and Forgivable Loan Agreement, executed by Oblon on or about September 15, 1999, and the Joint Production Agreement, executed by Orth on or about May 13, 2005;

2. Smith Barney has established a likelihood of success on the merits in establishing that Oblon violated and will continue to violate these agreements and Smith Barney's statutory and other rights with respect to its confidential and proprietary customer information and records. Specifically, the Court finds that Oblon has solicited Smith Barney's employees and clients while still employed by Smith Barney. The Court also finds that Oblon has taken Smith

Barney's confidential client information and used that information to send mailings to Smith Barney clients who Oblon did not have a relationship with prior to his employment with Smith Barney. The Court also finds that Oblon has, by telephone, solicited clients subject to the Joint Venture Agreement with Smith Barney and Konrad;

    3.    Smith Barney will suffer irreparable harm and loss if Oblon is permitted to solicit Smith Barney's clients and convert Smith Barney's property to his own use and that of his new employer, including but not limited to lost client relationships, goodwill and business reputation, and loss of revenue;

    4.    Smith Barney has no adequate remedy at law;

    5.    Greater injury will be inflicted upon Smith Barney by the denial of temporary injunctive relief than would be inflicted upon Oblon by the granting of such relief; and

    6.    The public interest will be served by granting this injunction.

Accordingly, it is **ORDERED, ADJUDGED** and **DECREED** that:

    1.    A temporary restraining order is issued effective _____ on April _, 2008. Smith Barney shall post security in the amount of $_____ no later than 5:00 p.m. on April _, 2008.

    2.    Defendant Paul Oblon and anyone working in conjunction with Paul Oblon is temporarily enjoined and restrained, directly or indirectly, and whether alone or in concert with others, from:

    (a)    destroying any of the records and/or information that Oblon removed from Smith Barney;

    (b)    using, disclosing, or transmitting for any purpose – including the initiation of any contact with or the solicitation of Smith Barney clients – the information contained in the records of Smith Barney, including, but not limited to, the names, addresses, and

financial information of said clients;

    (c)    using Smith Barney's client information to contact or solicit customers aligned with other Smith Barney brokers, including Konrad; and

    (d)    initiating any further contact or communication with, including soliciting any business from, customers whom Oblon had contact with or whose name became known to him while in the employ of Smith Barney (except those customers he identified in writing at the time of his resignation);

3.    That Paul Oblon be further ordered to deliver any and all original Smith Barney records and software, copies or other reproductions thereof, and any other documents containing information derived from those records, in whatever form, including electronic or computerized versions, to Smith Barney's counsel, within twenty-four hours (24) of notice to Paul Oblon or his counsel of the terms of this order;

4.    That this temporary restraining order be binding upon Paul Oblon, his agents, servants, employer and those in active concert or participation with him who receive actual notice of this order;

5.    That this order remain in full force and effect for a period no less than ten business days pursuant to Fed. R. Civ. P. 65; and

6.    That Smith Barney be granted leave to commence discovery immediately in aid of preliminary injunction proceedings before this Court. A party responding to written discovery shall have five days to respond. Depositions shall be allowed upon two days notice.

This order is issued this ____ day of April, 2008.

**IT IS SO ORDERED**

_____

ORDER PREPARED BY:
Grippo & Elden
111 South Wacker Avenue
Chicago, IL 60606
Phone: (312) 704-7700

4

148865v1